UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

YANEL THOMAS, T.J., and Y.J.,[1]

                        Plaintiffs,

              v.

ADMINISTRATOR OF CHILDREN'S
SERVICES, JEWISH CHILD CARE
ASSOCIATION, and CATHOLIC GUARDIAN,

                        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
21-CV-47 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Yanel Thomas, proceeding *pro se*, commenced the above-captioned action on December 23, 2020 on her own behalf and on behalf of her minor children T.J. and Y.J. against Defendants Administration for Children's Services ("ACS"), Jewish Child Care Association ("JCCA"), and Catholic Guardian on.[2]  (Compl. 1, 5, Docket Entry No. 2.)  The Court liberally construes the Complaint as seeking relief pursuant to 42 U.S.C. § 1983 for the alleged unlawful removal of Plaintiff's children from her custody in violation of her parental rights.  The Court grants the application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  (Mot. dated Dec. 23, 2020.)

      For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiffs leave to amend within sixty days.

---

    [1] Although Plaintiff Yanel Thomas has provided the full names of her minor children, the Court has replaced them with their initials pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.

    [2] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

I. **Background**

The Court assumes the truth of the allegations in the Complaint for the purposes of this Memorandum and Order. Plaintiff alleges that on March 21, 2020, police were called to prevent her children from leaving her home "unauthorized." (Compl. 5.) When the police arrived, they took a report, removed Plaintiff's children, and informed Plaintiff that she would need to get a mental health clearance in order to pick up her children from the police station. (*Id.*) After receiving the clearance the same night, Plaintiff was told that her daughters had been placed in ACS's custody. (*Id.*)

Plaintiff contends that prior to the removal of her children, she had "an ongoing family court case . . . for educational neglect" pending because she had to remove her children from school due to "stalking, harassment, and domestic violence issues from their biological father," and that ACS "has falsely stated that [she] did not follow Department of Education guidelines" while homeschooling her children. (*Id.* at 5–6, 8.)

Plaintiff alleges that ACS removed her children without due process, (*id.* at 8, 14, 15–17), and while her daughters have been in ACS's custody, they have received unauthorized medical examinations, bloodwork, and vaccinations, been placed in foster care with families that sexually, physically, and mentally abused them, and been forced to live in unsanitary conditions, (*id.* at 10–12). Plaintiff seeks damages of $45 million, a "permanent injunction," and the immediate return of her daughters. (*Id.* at 6.)

II. **Discussion**

    a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff may not bring suit on behalf of T.J. and Y.J.

It is well-settled that a lay person cannot represent another individual — not even his or her own child. *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) ("[A] layperson may not represent . . . a minor child." (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." (citing *Cheung*, 906 F.2d at 61)); *Cheung*, 906 F.2d at 61 ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, . . . a

lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). When it is apparent to the court that a *pro se* plaintiff is suing on behalf of a minor, the court has a duty to protect the child by enforcing, *sua sponte*, this prohibition against unauthorized representation. *Berrios*, 564 F.3d at 133 ("[W]here no party raise[s] the issue of a child's representation by a non-attorney, the district court [is] required to raise the issue *sua sponte*." (citing *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (per curiam), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007))); *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 201 (2d Cir. 2002) ("The court has a duty to enforce the *Cheung* rule *sua sponte*, for the infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." (quoting *Wenger*, 146 F.3d at 125)).

Because T.J. and Y.J. are minors and Plaintiff is not an attorney, Plaintiff cannot bring suit on their behalf. The Court therefore dismisses the claims brought on behalf of T.J. and Y.J. and grants Plaintiff sixty days from the date of this order to obtain counsel for her children.

### c. Plaintiff cannot bring an action against ACS

The Court dismisses Plaintiff's claims against ACS because it is not a suable entity.

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Matson*, 631 F.3d at 77 (quoting *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam)); *see also Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("It is well settled in this

4

[c]ourt that, as a general matter, agencies of New York City are not suable entities in § 1983 actions."). *Worrell v. City of New York*, No. 12-CV-6151, 2014 WL 1224257, at *3 (E.D.N.Y. Mar. 24, 2014) (dismissing claims against ACS pursuant to Section 396 of the New York City Charter and explaining that a suit against an employee of ACS in his official capacity is a suit against ACS); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) (dismissing claims against ACS because it is an "agenc[y] of the City" and not a suable entity).

Because ACS is an agency of the City of New York,[3] it is not amenable to suit, and any action against it must instead be brought against the City of New York. *See Thomas v. City of New York*, No. 15-CV-3236, 2015 WL 9412543, at *3 (E.D.N.Y. Dec. 22, 2015) (dismissing claims against ACS pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim because ACS is not a suable entity).

    **c.**   **Plaintiff fails to state a claim against the City**

The Court construes the Complaint to include claims against the City of New York but nevertheless dismisses these claims, as it is well-settled that a municipality can only be sued under section 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Plaintiff does not allege a policy, custom, or practice on the part of New York City that might have caused the alleged constitutional harm.

---

[3] List of NYC Agencies, NYC.gov, https://www1.nyc.gov/nyc-resources/agencies.page (last visited Jan. 19, 2021).

Accordingly, the Court dismisses Plaintiff's claims against the City for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).[4]

### d. Plaintiff fails to state a claim against JCCA and Catholic Guardian

The Court dismisses Plaintiff's claims against JCCA and Catholic Guardian because Plaintiff has not set forth any allegations against these Defendants.[5] (*See generally* Compl.)

---

[4] Plaintiff appears to assert procedural and substantive due process claims under section 1983 based on ACS's purported failure to provide adequate pre-removal procedures, (*see* Compl. 8, 15), and based on her daughters continuing to be in foster care, (*see id.* at 12–13), respectively. To establish a viable section 1983 claim, Plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)). Therefore, Plaintiff must name as defendants any individuals who were personally involved in or responsible for the allegedly unlawful removal of her children. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). In addition, in order to state her procedural due process claim, Plaintiff must show (1) that she possessed a protected liberty or property interest of which she has been deprived; and (2) that the procedures afforded to her were not constitutionally sufficient, *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016), and in order to state her substantive due process claim, she must show that "the removal of the child 'would have been prohibited by the Constitution even had [she] been given all the procedural protections to which [she was] entitled,'" *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012) (quoting *Tenenbaum v. Williams*, 193 F.3d 592, 600 (2d Cir. 1999)).

[5] JCCA and Catholic Guardian are private, not-for-profit agencies that provide child welfare and other services. *See* JCCA, https://www.jccany.org/ (last visited 1/19/21); Cath. Guardian, https://www.catholicguardian.org/ (last visited 1/19/21). To the extent that these agencies were "delegated a public function by the state" by retaining custody of T.J and Y.J., Plaintiff may meet the color-of-state-law requirement. *See Perez v. Sugarman*, 499 F.2d 761, 765 (2d Cir. 1974) (stating that private childcare agencies that perform a "public function" of accepting custody of neglected and abandoned children are "state actors" for the purposes of section 1983); *accord Duchesne v. Sugarman*, 566 F.2d 817, 822 (2d Cir. 1977); *Smith v. Tkach*, No. 3:17-CV-286, 2019 WL 3975440, at *13 (N.D.N.Y. Aug. 22, 2019); *Mortimer v. City of New York*, No. 15-CV-7186, 2018 WL 1605982, at *13 (S.D.N.Y. Mar. 29, 2018) (collecting cases); *Panzardi v. Jensen*, No. 13-CV-4441, 2015 WL 739932, at *2 (E.D.N.Y. Feb. 20, 2015); *S.W. ex rel. Marquis–Abrams v. City of New York*, 46 F. Supp. 3d 176, 195 (E.D.N.Y. 2014) (collecting cases); *Phelan ex rel. Phelan v. Torres*, 843 F. Supp. 2d 259, 268–74 (E.D.N.Y. 2011); *Vega v. Fox*, 457 F. Supp. 2d 172, 182 (S.D.N.Y. 2006) ("It is now well established in this circuit that private child-care institutions authorized by New York's Social Services Law to care for neglected children are acting 'under color of state law' for purposes of [s]ection 1983.").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see also Erickson*, 551 U.S. at 93; *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (stating same).

Because the Complaint does not include any allegations against these Defendants, there is no basis for Plaintiff's claims to proceed against JCCA and Catholic Guardian. Accordingly, Plaintiff's claims against these Defendants are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

    e. **Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within sixty days of this Order. Plaintiff is advised that the amended complaint will completely replace the original Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order. Plaintiff must name as Defendants the individuals

who were allegedly personally involved in the events giving rise to her claims and must set forth a short and plain statement against each individual named, such as the date, location, and a brief description of the relevant events attributed to that individual.  If Plaintiff cannot identify the defendant(s) by name, she may set forth the allegations against that person and designate them as Jane Doe or John Doe, providing any identifying information available to her.  If Plaintiff intends to bring claims on behalf of her children, she must also obtain legal counsel to represent them within sixty days of this Order.  Plaintiff may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at 212-382-4729 for limited-scope legal assistance.

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint and to obtain counsel for her children within sixty days from the entry of this Order as set forth above.  All further proceedings shall be stayed for sixty days or until Plaintiff files an amended complaint, whichever is earlier.

If Plaintiff fails to file an amended complaint within the time allowed or to show good cause why she cannot, the Court will direct the Clerk of Court to enter judgment dismissing the case for the reasons stated above.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma*

*pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: February 10, 2021
      Brooklyn, New York

                                      SO ORDERED:

                                                s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge